UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| RICHARD WINEBARGER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16CV56 PLC |
| | ) | |
| CORIZON HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Richard Winebarger's motion for leave to commence this action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion and the certified inmate account statement plaintiff submitted therewith, the Court determines that plaintiff lacks sufficient funds to pay the entire filing fee, and assesses a partial initial filing fee of $4.81, which is twenty percent of plaintiff's average monthly deposit. In addition, the Court will direct the Clerk of Court to issue process upon the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

Pro se pleadings are liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Even so, a pro se complaint must contain specific facts to support its conclusions. *Kaylor v. Fields,* 661 F.2d 1177, 1183 (8th Cir. 1981).

**The Complaint**

Plaintiff brings this action against Corizon, Inc., physicians Alfred G. Garcia, Conrad S. Balcer, John Sanfelippo, and Tomas Cabrerra in their official and individual capacities, and Nurse Ann Marie Wagner in her individual capacity. Plaintiff alleges that all of the individual defendants were employed by Corizon during the time period relevant to his allegations.

Plaintiff alleges that he was a patient of Corizon, Garcia, Balcer, Sanfelippo and Wagner from August 8, 2014 through January 5, 2015. He alleges that, during an intake interview conducted at Fulton Reception and Diagnostic Center ("FRDC") on or about August 8, 2014, he informed Garcia of his extensive medical history which included placement of a pacemaker/defibrillator in July 2012, and that he had a previously-scheduled appointment with a Dr. Richard Bach at Barnes Jewish Hospital for a septal myectomy, an appointment he missed due to his incarceration. In August of 2015, plaintiff suffered severe chest pain and was taken to St. Mary's Hospital. Plaintiff alleges that Garcia was responsible for arranging for specialized medical care outside the prison, and for medical care generally at FRDC.

Plaintiff alleges that Balcer performed a cursory examination and told plaintiff that he did not have any cardiac issues and did not require surgery, and that his septal wall measured only

2

1.9 centimeters. Plaintiff alleges that his defibrillator fired in September of 2014 causing him extreme pain and knocking him to the floor, but that Wagner failed to notify the doctor on duty or call an ambulance, and instead told him to return to his room and get in bed. Plaintiff alleges that his defibrillator fired again in October 2014, causing him to lose consciousness, fall back, and injure his head. When plaintiff awoke, Garcia was present and accused plaintiff of faking heart attacks. Garcia then placed nine stitches in plaintiff's head wound and ordered a head x-ray, but the x-ray was never performed. Plaintiff's defibrillator fired again three days later, causing him to lose consciousness. The following day Garcia ordered plaintiff released from the medical unit without testing or examination, and told plaintiff that he was: "faking heart attacks and it had better not happen again and that it was all anxiety related and had nothing to do with [his] heart." (Docket No. 1 at p. 8).

Plaintiff was transferred from FRDC to Northeast Correctional Center ("NECC") on January 6, 2015. Plaintiff alleges that Cabrerra is responsible for medical care generally at NECC. Shortly after his arrival plaintiff's defibrillator fired again and he lost consciousness. Plaintiff was evaluated by a physician, and testing revealed he had suffered a heart attack. He was transported to Barnes Jewish Hospital via helicopter. While there, interrogation of plaintiff's defibrillator revealed that it had fired numerous times over the past months. On January 23, 2015, plaintiff underwent septal myectomy surgery and mitral valve repair by Dr. Richard Bach at Barnes Jewish Hospital. Plaintiff was released on January 28, 2015, but later underwent blood transfusions due to severe anemia. Plaintiff alleges that his cardiac surgeon recommended follow-up appointments and physical therapy, but that Cabrerra neither allowed plaintiff to comply nor provided physical therapy, and that Balcer and Sanfelippo failed to properly evaluate him or interrogate his defibrillator. Plaintiff alleges that another doctor did

properly evaluate him and confirmed that he had suffered heart attacks, but that Garcia, Balcer and Sanfelippo denied that plaintiff had suffered any heart attacks. Plaintiff also alleges that Balcer and Sanfelippo improperly measured his septal wall, and that Balcer misdiagnosed him as having a "very mild case of hypertropic cardiomyopathy." (*Id.* at p. 10).

Briefly, plaintiff alleges that Corizon, Garcia, Balcer, Sanfellipo, Cabrerra and Wagner failed to provide for correct and accurate diagnosis of his medical conditions; that Balcer and Sanfelippo failed to adequately diagnose his condition and provide necessary surgery; that Garcia and Cabrerra failed to arrange for competent outside medical care to adequately diagnose and treat his serious medical needs; that Cabrerra failed to arrange for/provide the necessary post-surgical appointments and physical therapy; that Wagner refused to call a doctor or ambulance for plaintiff when he presented with extreme pain and complaints of a heart attack; that Corizon, Garcia, Balcer, Sanfelippo and Cabrerra's wrongdoing resulted in the deterioration of plaintiff's heart condition resulting in the surgery required to repair his heart and additional medical treatment and caused him pain and mental anguish. Plaintiff also alleges that Corizon's policies of refusing and/or delaying treatment of serious medical needs constitutes deliberate indifference and inadequate medical care in violation of the Eighth Amendment. Plaintiff seeks declaratory, injunctive, and monetary relief.

## Discussion

The Court first addresses the complaint as it pertains to defendant Corizon. Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or

4

official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). A "policy," for purposes of § 1983, is "an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). In the complaint, plaintiff has alleged that an unconstitutional policy or custom of Corizon was responsible for the alleged violations of his constitutional rights. He therefore states a claim against Corizon.

Turning to plaintiff's claims against physicians Alfred G. Garcia, Conrad S. Balcer, John Sanfelippo, and Tomas Cabrerra in their official and individual capacities, and Nurse Ann Marie Wagner in her individual capacity, the Court finds that plaintiff has stated a claim against all of these defendants in their individual capacities. Regarding the official capacity claims, naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). As stated above, plaintiff has alleged that there was an unconstitutional policy or custom of Corizon that was responsible for the alleged violations of his constitutional rights. He therefore states a claim against these individual defendants in their official capacities.

Accordingly,

5

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.81 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Corizon.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Alfred G. Garcia, Conrad S. Balcer, John Sanfelippo, Tomas Cabrerra, and Nurse Ann Marie Wagner in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Alfred G. Garcia, Conrad S. Balcer, John Sanfelippo, and Tomas Cabrerra in their official capacities.

**IT IS FURTHER ORDERED** that the defendants shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2016